IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS HOLMES, # B68409,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00290-JPG |
| | ) |
| **DR. L. OVERALL,** | ) |
| **DR. GARDENER,** | ) |
| **REDNOUR,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **and UNKNOWN PARTY,** | ) |
| *Dental Medical Director*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Curtis Holmes, currently incarcerated at Menard Correctional Center ("Menard") has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff contends the defendants—two dentists, a dental assistant, the corporate healthcare provider for the prison, and the "Dental Medical Director"—were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment. More specifically, Plaintiff had to wait nine months for his tooth to be extracted, despite a dentist characterizing the extraction as an emergency. During the interim period, Plaintiff was denied pain medication and antibiotics. Plaintiff appears to also want to assert a claim for medical negligence under state law, based on the same facts.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Dr. L. Overall and Dr. Gardener for deliberate indifference to medical needs in violation of the Eighth Amendment. Both dentists

had scheduled appointments for the extraction, but they cancelled those appointments, knowing the severity of the situation. However, for the reasons that follow, the Eighth Amendment claims against dental assistant Rednour, Wexford Health Sources, Inc., and the unidentified Dental Medical Director shall be dismissed. Plaintiff's state law claims are also inadequately pleaded against all defendants and must be dismissed.

**Defendant Rednour**

The complaint contains a single allegation regarding Defendant Rednour:

> Again, according to Medical Record I was scheduled again to see the Dentist on June 16, 2011, but was not seen or received a call pass. Medical Records stated: "Schedule for evaluation #17, moved, reschedule if writes per dentist". It was signed off by Dental Assistant Rednour I believe. (See Exhibit B)[.]

Doc. 1, p. 10, ¶ 4. Liability under Section 1983 requires a showing of personal involvement. *See Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (citing *Rascon v. Hardiman,* 803 F.2d 269, 273 (7th Cir. 1986)). All that is alleged is that Rednour made a chart notation regarding the dentist's decision to reschedule Plaintiff's appointment. If there is any constitutional violation, it would be on the part of the dentist, not by Rednour, who merely made a notation. Thus, a plausible claim has not been stated and dismissal of this claim is appropriate. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (enough facts must be pleaded to state a claim for relief that is plausible on its face).

**Defendant Wexford Health Sources, Inc.**

Relative to Wexford Health Sources, Inc., the complaint contains, at most, a conclusory allegation of liability:

> The question come[s] into play, is it Wexford policy not to render treatment if the inmate do not wrote back for treatment even though it clearly states in my medical records treatment is needed. However, all policies are handed down by Wexford Health Sources[,] Inc.[,] and it is dictated to what treatment is provided and when it is given[.]

Doc. 1, pp. 16-17, ¶ 28; s*ee also* Doc. 1, p. 17, ¶ 30.  Plaintiff has failed to nudge his claim against Wexford across the line from conceivable to plausible.  *See Twombly*, 550 U.S. at 570.

**<u>Defendant "Dental Medical Director"</u>**

The complaint lists the "Dental Medical Director" as a defendant, but his or her name is unknown to Plaintiff.  The complaint describes the director as being employed by Wexford and working as "Dentist Medical Director" at Menard (Doc. 1, p. 3, ¶ 5).  According to the complaint, it is the director's job to provide or arrange for appropriate care and to ensure all patients are seen the day of their scheduled appointment. (Doc. 1, pp. 12-13, ¶ 12; p. 16, ¶ 23).  On February 5, 2012, Plaintiff wrote to "IDOC Medical Director and Wexford Health Sources" in an effort to secure treatment (Doc. 1, p. 16, ¶ 24).  On February 7, 2012, Plaintiff was finally seen in the prison healthcare unit, and his tooth was extracted on February 24, 2012 (Doc. 1, p. 16, ¶¶ 25, 26).

A review of the exhibits submitted by Plaintiff reveals that several medical directors received correspondence dated February 5, 2012: Dr. Louis Shicker, the IDOC medical director (Doc. 1-3, p. 20), and Wexford's "facility Site and Regional Medical Directors (Doc. 1-3, p. 22).  Based on the description in the complaint, it appears that the unidentified defendant is Wexford's Site Medical Director, who, according to correspondence dated March 3, 2012, from Wexford's Risk Management Department, considered "the care currently provided, as well as the care previously provided, to be clinically appropriate." (Doc. 1-3, p. 22).

The doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  However, a supervisor may be liable when he or she turns a blind eye to an inmate's letters requesting medical treatment.  *Reed v. McBride,* 178 F.3d 849, 854 (7th Cir. 1999); *Vance v. Peters,* 97 F.3d 987, 993 (7th Cir. 1996).  The attached documentation shows that the medical director did not turn a blind eye to

the situation.  At best, the complaint shows a difference of opinion regarding the proper course of treatment—meaning Plaintiff's dissatisfaction with the course of treatment.   An inmate cannot dictate his own treatment, *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997), and mere dissatisfaction with the treatment given by prison medical providers will not sustain a civil rights claim (*see Jackson v. Kotter,* 541 F.3d 688, 697-98 (7th Cir. 2008)).  The complaint, including the attached exhibits, does not present a plausible Eighth Amendment claim.

**Supplemental State Law Claim**

Referencing "730 ILCS § 1003-7-2(d)," Plaintiff contends that the defendants' failure to provide dental care violated state law.  (Doc. 1, p. 18, ¶ 31).   The Court is fairly certain Plaintiff meant to cite to 730 ILCS 5/3-7-2(d) (formerly Ill. Rev. Stat. 1991, ch. 38 ¶ 1003-7-2(d)), which dictates that the Illinois Department of Corrections shall provide inmates with medical and dental care.  A defendant can never be held liable under Section 1983 for negligence.  *Daniels v. Williams,* 474 U.S. 327, 328 (1986).  However, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  While this Court can exercise supplemental jurisdiction over such a state-law claim pursuant to 28 U.S.C. § 1367, that is not the end of the matter.

Under Illinois law, "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," the plaintiff must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is

reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS § 5/2–622(b). Plaintiff has not submitted the required affidavits; therefore, his state law claim fails.

**Pending Motions**

Plaintiff's motion for service of process at government expense (Doc. 4) shall be granted in light of the fact that the Court has granted him leave to proceed as a pauper. *See* 28 U.S.C. § 1915(d).

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

**IT IS HEREBY ORDERED**, for the reasons stated, Plaintiff's Eighth Amendment claims against Defendants **REDNOUR**, **WEXFORD HEALTH SOURCES, INC.**, and the unknown party **DENTAL MEDICAL DIRECTOR** are **DISMISSED** without prejudice; and Plaintiff's supplemental state law claim under 730 ILCS 5/3-7-2(d) against all named defendants

---

[1] P.A. 94–677, effective August 25, 2005, which amended 735 ILCS § 5/2–622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n. 1 (C.D. Ill. 2010).

is **DISMISSED** without prejudice.  Because there are no other viable claims lodged against Defendants **REDNOUR**, **WEXFORD HEALTH SOURCES, INC.**, and the unknown party **DENTAL MEDICAL DIRECTOR** are **DISMISSED** from this action without prejudice.

   **IT IS FURTHER ORDERED** that the only claim remaining in this action is the Eighth Amendment against **DR. L. OVERALL** and **DR. GARDENER** for deliberate indifference to Plaintiff's serious medical needs.

   **IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**.  The Clerk of Court shall prepare for Defendants **DR. L. OVERALL** and **DR. GARDENER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

   With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

   Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   April 16, 2013**

                                              s/J. Phil Gilbert
                                              **United States District Judge**