IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS HOLMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:13-cv-290-JPG-PMF |
| DR. L. OVERALL, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment on an affirmative defense (Doc. Nos. 44, 45). Plaintiff Curtis Holmes is challenging the conditions of his confinement at Menard Correctional Center, alleging deliberate indifference to a serious dental need to have a painful tooth extracted. The defendants argue that they are entitled to judgment in their favor on their affirmative defense that Holmes failed to exhaust available administrative remedies prior to filing this suit on March 22, 2013. The cross motions are opposed (Doc. Nos. 48, 49).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defense. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the exhaustion requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The defendants may not demand that inmates take steps beyond those that the administrative rules clearly require. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The material facts are not in dispute. In late 2011, Holmes was unhappy with a lengthy treatment delay for his painful wisdom tooth. He raised his concern in an emergency grievance prepared and filed on January 25, 2012. The emergency grievance was initially diverted to the grievance office before it was forwarded to the warden, who declined emergency consideration on February 28, 2012. The emergence grievance was returned to Holmes on March 5, 2012, along with instructions to submit the grievance in the normal manner. Over the next several months, the emergency grievance bounced around between a nursing supervisor, a counselor, and the grievance office. The warden made a final decision on July 3, 2012. The administrative review board (ARB) received Holmes' emergency grievance on July 16, 2012. On March 14, 2013, the ARB rejected the emergency grievance, finding it untimely.

The grievance procedure allows for an inmate to file an emergency grievance by forwarding it directly to the warden, who may determine that the grievance should or should not be handled on an emergency basis. Once the warden has informed the inmate of his or her decision, the inmate may appeal to the ARB on an expedited basis. 20 Ill. Admin. Code § 504.840-850.

Defendants' primary argument is that Holmes should have discovered that he had been injured by a delay in dental treatment by November 15, 2011, and that he violated administrative rules by failing to file his grievance within 60 days of that date – by January 15, 2012. This position should be rejected. The emergency grievance Holmes filed on January 25, 2012, was timely because Holmes was alerting prison officials to his concern about ongoing delay in needed dental treatment. Holmes did not receive the dental care he was concerned about (he says he needed a wisdom tooth extracted) until February 24, 2012. None of the delay following the warden's initial February 28, 2012, decision and the ARB's March 14, 2013, decision can be attributed to Holmes because the prison's administrative rules do not require inmates to submit

emergency grievances to a counselor and grievance officer or to resubmit the grievance to the warden. The administrative rules also do not authorize diversion of emergency grievances to nursing staff. 20 Ill. Admin. Code § 504.810-850. In sum, the outcome of the defendants' affirmative defense is dictated by multiple decisions explaining that inmates may not be required to complete more steps than those required by the administrative rules. *Kaba*, 458 F.3d at 684; *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Glick v. Walker*, 385 Fed. Appx. 579, 583 (7th Cir. 2012). Here, Holmes took all of the steps required of him to complete the emergency grievance exhaustion process, and then some.

IT IS RECOMMENDED that plaintiff's motion for summary judgment (Doc. No. 44) be GRANTED and that defendants' motion for summary judgment (Doc. No. 45) be DENIED. At the conclusion of this case, judgment should be entered in favor of plaintiff on Gardner's affirmative defense No. 2 and Overall's affirmative defense No. 3.

SUBMITTED:   September 23, 2014   .

                                                 s/Philip M. Frazier
                                            **PHILIP M. FRAZIER**
                                            **UNITED STATES MAGISTRATE JUDGE**