UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CURTIS HOLMES,

        Plaintiff,

    v.

DR. L. OVERALL, DR. GARDNER,
REDNOUR, UNKNOWN PARTY DENTAL
MEDICAL DIRECTOR and WEXFORD
HEALTH SOURCES, INC.,

        Defendant.

Case No. 13-cv-290-JPG-PMF

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Curtis Holmes' objection (Doc. 97) to the bill of costs filed by defendants Dr. Lillian Overall and Dr. Jon Gardener in the amount of $1,395.87 for deposition transcripts necessarily obtained for use in the case (Doc. 94). Holmes argues that his case was not frivolous and was filed in good faith, that he suffered much physical pain during the events in issue in this case, that he is currently indigent, and that he is serving a life sentence and is unlikely in the future to be able to pay such a substantial sum. The Court considers in connection with this issue a trust fund statement for Holmes' account from October 6, 2015, to April 8, 2016, showing a balance of $10.03.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent

and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

The Court has reviewed Holmes' inmate trust fund statement and information from the Illinois Department of Corrections website indicating Holmes is ineligible for parole in connection with his life sentence. *See* http://www.illinois.gov/idoc/Offender/Pages/ InmateSearch.aspx (search by name for Holmes, then select "Holmes, Curtis"). This review indicates that Holmes has received almost $500 in gifts from people outside the prison and almost $63 in payroll (in the neighborhood of $10/month) during the time period covered by the statement and has spent more than $412 on commissary purchases. It is true he has a small balance at the present time ($10.03), but that is due primarily to a number of substantial commissary purchases, including recent purchases costing approximately $73, $85 and $100, respectively. He has no expenses for food or shelter and minimal expenses for court fees, health care, library and postage. The Court notes that Holmes' income is unlikely to change significantly in the future in light of the fact that he will be incarcerated for the rest of his life. For these reasons, the Court finds Holmes is indigent and is unable to pay the full $1,395.87 taxed as costs in this case now or in the foreseeable future.

However, in light of the minimal living expenses he must pay and his history of some notable income, which he has chosen to spend primarily at the commissary up to this point, the Court finds he will be able to pay *some costs* without undue hardship in the near future.

The Court further notes that this action was not frivolous and involved important constitutional rights under the Eighth Amendment involving the treatment of Holmes' serious dental need to have a painful tooth extracted.  The Court believes Holmes' pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay the defendants' costs.

For these reasons, the Court **OVERRULES** Holmes' objection to costs (Doc. 97) but will reduce the amount of costs requested to $200, less than half of the income he has received in the last six months.  Therefore, the Court orders an award of costs in the total amount of $200 to defendants Dr. Lillian Overall and Dr. Jon Gardener.  The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**IT IS SO ORDERED.**
**DATED:   April 27, 2016**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**